IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL WHITE #T-58047,  )<br>                              )<br>            Plaintiff,    )<br>                              )<br>    vs.                       )<br>                              )<br>R. RHODES, Correctional       )<br>Counselor I; E. THOMAS,       )<br>Correctional Counselor I; D.  )<br>JETT, Correctional Counselor  )<br>II; E. COMFORT, Correctional  )<br>Counselor I; D. ADDAMS,       )<br>Warden, CSATF; D. SCHROERS,   )<br>Correctional Captain;         )<br>WARDEN, ASP; WARDEN, SOL;     )<br>WARDEN, SQSP; WARDEN, CCC;    )<br>D. DELONEL, Unit Supervisor;  )<br>C. HOWARD, Parole Agent;      )<br>CHIEF OF INMATE APPEALS,      )<br>CALIFORNIA DEPARTMENT OF      )<br>CORRECTIONS; DIRECTOR OF      )<br>CORRECTIONS, CALIFORNIA       )<br>DEPARTMENT OF CORRECTIONS;    )<br>CALIFORNIA DEPARTMENT OF      )<br>CORRECTIONS; and MODESTO      )<br>POLICE DEPARTMENT,            )<br>                              )<br>            Defendants.       )<br>_____ ) | CIV. NO. 2:08-00778 HWG |

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A(b)(1)**

On April 11, 2008, Plaintiff Carl White filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.[1] In his Complaint, (Doc. 1), Plaintiff sets forth one cause of action.

---

[1] Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), incarcerated at the California State Prison, Sacramento. He is proceeding *pro se* and *in forma pauperis*.

1

Plaintiff alleges he has been wrongfully identified as a sex offender, resulting in a violation of Plaintiff's constitutional rights. (Complaint ("Compl."), at 3-4, Doc. 1.) Plaintiff asserts that the misidentification stems from a report filed by the officers of the Modesto Police Department in 1991. The officers allegedly inaccurately reported that Plaintiff was arrested on June 2, 1991 for violating penal code § 288(a).[2] (Id. at 3.) As a result, Plaintiff claims he was misidentified during the classification procedure. An "R" suffix was used in his custody designation. The sex offender designation has allegedly placed Plaintiff's life in jeopardy.

Plaintiff names the California Department of Corrections (CDC), the Modesto Police Department, and fourteen employees of the CDC in their official capacities alleging violations of Plaintiff's due process rights.

Plaintiff seeks monetary damages as well as injunctive

---

[2]California Penal Code § 288(a) states:

Lewd or lascivious acts; penalties; psychological harm to victim

(a) Any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years.

relief in the form of removal of any identification of him as a sex offender from Plaintiff's prisoner file, including the removal of the "R" suffix and any reference to the "R" suffix. (Id. at 3.)

For the following reasons, the Complaint is DISMISSED for Plaintiff's failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

**STATUTORY SCREENING OF THE COMPLAINT**

A federal district court is required to screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim,

3

however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).

During screening, the court must accept as true the allegations of the complaint, Hosp. Bldg. Co. v. Rex Hosp. Tr., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Bernhardt v. L.A. County, 339 F.3d 920, 925 (9th Cir. 2003) (the court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).  The court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

If the court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*); Lucas v. Department of Corr., 66 F.3d 245, 248 (9th Cir. 1995).  A district court should not, however, advise the litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13.

## ANALYSIS

### I.  Statute Of Limitations

In the absence of waiver, a district court may raise the defense of statute of limitations *sua sponte*.  See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993).  See also Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

In a § 1983 action, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions.  Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1026 (9th Cir. 2007).  The California statute of limitations for personal injury actions is two years.  Id.; Cal. Civ. P. Code § 335.1.

Plaintiff filed his Complaint on April 11, 2008.  For this civil rights action to be timely, Plaintiff's claims must have accrued no earlier than April 11, 2006, two years before he filed

5

his Complaint.  See Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998) ("[A] claim generally accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'") (quoting Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994))); see also Action Apartment Ass'n, Inc., 509 F.3d at 1026-27.

The accrual of a § 1983 claim depends on the substantive basis of the claim.  Here, the claim is based on the June 2, 1991, report issued by the Modesto Police Department, and Plaintiff's allegation that the police report led to his subsequent misidentification as a sex offender.  Plaintiff has brought the claim before.

In 2004, Plaintiff filed an action in the Northern District of California, and the action was transferred on October 26, 2004, to the Eastern District of California.  (See Carl D. White v. California Dept. Of Corrections, et al., Civil Number 2:04-02276, Doc. 1, "2004 Action.")  In the 2004 Action, Plaintiff filed an Amended Complaint on December 20, 2004.  In the Amended Complaint, Plaintiff's 2004 claim is also based on the alleged inaccurate police document stating that Plaintiff had been arrested for Cal. Penal Code § 288a.  (See Order And Findings And Recommendations in the 2004 Action at 1-2, Civ. No. 2:04-02276, Doc. 48.)  Plaintiff asserts in the 2004 Action that on October 1, 2002, CDC employee Defendant Rhodes affixed an "R" suffix to

his custody designation, misidentifying plaintiff as a sex offender because of the allegedly inaccurate police report. (Id.)  Plaintiff knew of his alleged misidentification, and that it had allegedly resulted from the 1991 arrest, at the latest, when he filed the Amended Complaint in the 2004 Action, on December 20, 2004.  Plaintiff's claim accrued, at the latest, on December 20, 2004, more than three and a half years before Plaintiff filed the present action on August 11, 2008.  Plaintiff's claims are barred by the statute of limitations and the Complaint and the action are DISMISSED WITH PREJUDICE.

## 28 U.S.C. § 1915(g)

Plaintiff is further notified that because the Complaint has been dismissed with prejudice, this dismissal counts as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

**CONCLUSION**

For the foregoing reasons,

1. The Complaint, (Doc. 1), is **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

2. The Clerk of Court is **DIRECTED** to make an entry on the docket stating that the dismissal for failure to state a claim counts as a "**strike**" under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 6, 2009.



/S/ Helen Gillmor

Helen Gillmor
Chief United States District Judge

CARL WHITE #T-58047 v. R. RHODES, *et al.*, Civ. No. 2:08-00778 HWG, ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A (b)(1)